**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4277**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTOINE HILL,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:07-cr-00407-REP-1)

Submitted: October 29, 2014      Decided: November 20, 2014

Before MOTZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Charles A. Gavin, CAWTHORN, DESKEVICH & GAVIN, P.C., Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Hill appeals the district court's judgment sentencing him to 152 months in prison after ordering in his 28 U.S.C. § 2255 (2012) proceeding that he be resentenced.[1] Through counsel, Hill asserts that his 152-month sentence is unreasonable because he argues it was clear error for the district court to convert cash found in his apartment to drug weight, thereby increasing his base offense level. Hill has also filed a motion for leave to file a pro se supplemental brief, along with his proposed pro se supplemental brief, in which he restates counsel's assignment of error, as well as additional assignments of error.[2] Hill has also moved for a certificate of appealability as to his unsuccessful habeas claims. We dismiss the appeal in part, and we affirm in part.

---

[1] Hill was originally sentenced to 300 months in prison. Although the district court dismissed the majority of Hill's habeas claims, after finding that defense counsel provided ineffective assistance during Hill's sentencing proceedings, the district court ordered that Hill be resentenced.

[2] Because Hill is represented in the criminal matter by counsel who has filed a merits brief, as opposed to a brief pursuant to Anders v. California, 386 U.S. 738 (1967), he is not entitled to file a pro se supplemental brief in the criminal portion of this appeal and we deny his motion. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because the defendant was represented by counsel).

When a hybrid appeal such as Hill's is before the court, we have explained that "[i]f the petitioner seeks to appeal the order by raising arguments relating to the district court's decision whether to grant relief on his § 2255 petition, he is appealing 'the final order in a proceeding under § 2255' and therefore must obtain a [certificate of appealability] under [28 U.S.C.] § 2253 [(2012)]." United States v. Hadden, 475 F.3d 652, 666 (4th Cir. 2007). "If, on the other hand, the petitioner seeks to appeal matters relating to the propriety of the relief granted, he is appealing a new criminal sentence and therefore need not comply with § 2253's [certificate of appealability] requirement." Id. (emphasis omitted). Thus, although we have jurisdiction over Hill's challenge to his new sentence, as to any arguments Hill raises pertaining to the district court's order denying relief on his habeas claims, Hill must establish his entitlement to a certificate of appealability before we may review the merits of the district court's dismissal.

First, we discern no error in the district court's imposition of the 152-month sentence at Hill's resentencing. This court reviews a sentence for abuse of discretion. United States v. Cobler, 748 F.3d 570, 581 (4th Cir.), cert. denied, ___ S. Ct. ___, 2014 WL 3556894 (U.S. July 10, 2014) (No. 14-5307). "The first step in our review of a sentence mandates

3

that we ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range or selecting a sentence based on clearly erroneous facts." United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010) (internal quotation marks and alterations omitted). Thus, to avoid procedural error, a sentencing court must first correctly calculate the applicable Guidelines range. See United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010). "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." Llamas, 599 F.3d at 387.

We reject Hill's assertion that the cash bundle found by law enforcement in a bedroom of Hill's residence should not have been converted to increase the drug weight with which Hill was attributed because it was located in an area away from the drugs discovered and because Hill insisted that the money was proceeds from a personal injury settlement he previously received. A district court may consider the drug equivalent of cash seized as relevant conduct for purposes of calculating the drug weight attributable to a defendant. United States v. Hicks, 948 F.2d 877, 882 (4th Cir. 1991). "The calculation of the amount of drugs which results in the establishment of the base offense level is a factual determination subject to review only for clear error." Id. at 881. This court will "find clear

4

error only if, on the entire evidence, [it is] left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and citation omitted). We discern no clear error in the district court's decision to include in the drug weight amount with which Hill was attributed the value of the cash bundle found in Hill's residence. Accordingly, we affirm Hill's 152-month sentence.

To the extent Hill seeks to appeal the district court's decision to dismiss his habeas claims, an appeal may not be taken to this court from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable

5

claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85. We have reviewed the record and conclude that Hill has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we deny a certificate of appealability and dismiss the habeas portion of Hill's appeal.

Based on the foregoing, we deny Hill's motion to file a pro se supplemental brief, deny a certificate of appealability and dismiss the appeal in part, and we affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>